■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL SOSS, Respondent, v LEON J. VINCENT, as Superintendent of the Green Haven Correctional Facility, Appellant.—In a habeas corpus proceeding upon an order to show cause (CPLR 7003, subd [a]), the appeal is from a judgment of the Supreme Court, Dutchess County, dated January 7, 1975, which granted the petition and ordered petitioner released to parole status, without prejudice to service of a new notice of violation on him, upon which he shall be afforded a preliminary hearing. Judgment reversed, on the law, without costs; petition dismissed; and petitioner shall surrender himself to the custody of the Superintendent of the Green Haven Correctional Facility, to await a parole revocation hearing, which shall be held forthwith. Petitioner was released on parole in December, 1972, after serving a portion of a seven-year sentence imposed upon pleas of guilty to two bank robberies. On October 31, 1974 he was arrested by his parole officer in Nassau County for two violations of the terms of his parole. Four days later, petitioner was charged in a formal notice of violation, and on November 7, 1974 a preliminary hearing was held on the charges, at which time probable cause was found to hold him for a full revocation hearing. Approximately a month later a formal report of violation of parole was issued, in which the first charge against petitioner was changed. Thereafter he was transferred to the Green Haven Correctional Facility. On December 19, 1974 petitioner commenced this proceeding, claiming that his incarceration was unlawful. He alleged that shortly after the preliminary hearing his parole officer informed his attorney that the original first charge in the notice of violation could not be substantiated and that the second charge would not result in his being remanded to custody because it was more "technical" than "substantive". In light of these concessions, petitioner argued that there was

no basis to conduct a formal hearing upon the charges. It was also alleged that the length of time between his initial incarceration and the scheduled final revocation hearing (approximately three months) was violative of his right to a prompt hearing. Petitioner subsequently added that his incarceration was unlawful because he had not received a preliminary hearing on the first charge (that charge having been later changed in the formal notice of violation). Although parole officers are authorized to initiate revocation procedures (Correction Law, § 216), they have neither the judicial nor the administrative power to make a binding determination on the merits of an alleged violation. Insofar as Special Term relied upon the parole officer's opinions, allegedly articulated to petitioner's attorney at the Nassau County jail after probable cause had already been found to exist, its decision constituted an unwarranted intrusion into a segment of the parole process which has been specifically delegated by statute to the board of parole (see Correction Law, § 212, subd 7). We have reviewed petitioner's other contentions and find them to be without merit. Hopkins, Acting P. J., Latham, Brennan and Shapiro, JJ., concur.